**Oliver BROWN, et al., Plaintiffs,**

**and**

**Charles and Kimberly Smith, minor children by their mother and next friend, Linda Brown Smith, et al., Intervening Plaintiffs,**

v.

**UNIFIED SCHOOL DISTRICT NO. 501, Shawnee County, Kansas, Defendant.**

**No. T–316.**

United States District Court, D. Kansas.

July 27, 1999.

Richard E. Jones, Topeka, KS, Christopher A Hansen, American Civil Liberties Union, New York, NY, for Plaintiffs.

Dan Biles, Gates, Biles, Shields & Ryan, P.A., Overland Park, KS, Charles N. Henson, K. Gary Sebelius, Anne L. Baker, Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, KS, Carl A. Gallagher, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Charles D. McAtee, Schroer, Rice, P.A., Topeka, KS, Robert T. Stephan, Lenexa, KS, for Defendant.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is before the court upon the motion of defendant, Unified School District No. 501, for a declaration of unitary status and order of dismissal. Plaintiffs do not oppose the motion. Defendant has recounted the history of this litigation in its motion. This history is also reviewed in other published opinions. As the facts relevant to this motion have been stated in prior pleadings or opinions and do not appear to be in dispute, the court shall not unduly lengthen this order with a detailed recitation.

After reviewing the parties' briefs as well as the annual reports submitted by defendant, the court shall grant defendant's motion.

The United States Supreme Court has stated that before declaring a school system unitary, a district court should consider several factors including: whether there has been full and satisfactory compliance with the court's decrees for a reasonable period of time; whether the vestiges of past discrimination have been eliminated to the extent practicable; and whether the school district has demonstrated a good faith commitment to executing the court's decrees as well as the law and the Constitution. See *Missouri v. Jenkins*, 515 U.S. 70, 87–89, 115 S.Ct. 2038, 132 L.Ed.2d 63 (1995); *Freeman v. Pitts*, 503 U.S. 467, 486, 112 S.Ct. 1430, 118 L.Ed.2d 108 (1992); *Board of Education v. Dowell*, 498 U.S. 237, 248–50, 111 S.Ct. 630, 112 L.Ed.2d 715 (1991).

This case was remanded to this court by the Tenth Circuit to excise the vestiges of past intentional racial discrimination which remained in student, staff and faculty assignments. 978 F.2d 585, 593 (10th Cir. 1992). Other aspects of the school district's operation, such as transportation, facilities, and extracurricular activities, were determined to have no remaining traces of prior discrimination.

To comply with the court's mandate, a remedial plan was adopted and executed. It is undisputed that since the 1994–95 school year, staff and faculty assignments have followed guidelines which have prevented any school from being identified as a majority or minority school on the basis of the race of its faculty and staff. As to student assignment, the plan established a standard requiring that the

majority and minority student population at each elementary school, middle school and high school be within 15% of the majority and minority percentages for all elementary school, middle school, and high school students in the district. It is undisputed that since the 1994–95 school year, this standard has been satisfied at all middle schools and high schools. It is also undisputed that since the 1996–97 school year, this standard has been satisfied at all elementary schools. In addition, defendant has carried on multi-cultural education programs for students, faculty and staff in the district.

Defendant has announced its continuing commitment to diversity and intolerance of discrimination. The governing board and officers of defendant include minority members. Defendant has stated that it has no ambition to dismantle the integrative techniques of the remedy plan, other than to change the operation of the gifted students program. This change is predicted to have an insignificant effect upon defendant's integration efforts.

Before concluding, the court wants to express our gratitude for the good faith and professionalism exhibited by both sides in this litigation. After careful consideration, the court has no reservation in finding that: defendant has complied in good faith with the mandates of the court over a reasonable period of time; the vestiges of past discrimination in the school district have been eliminated to the extent practicable; and defendant has demonstrated a good faith commitment to the law and the Constitution which presages no future need for judicial intervention. Accordingly, the court grants defendant's motion for a declaration of unitary status; the court ceases further supervision of defendant stemming from past mandates in this case; and the court directs that this case be closed.

**IT IS SO ORDERED.**